Opinion issued November 6, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00806-CR




HOWARD DELL MANNING, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 29,061




MEMORANDUM OPINION

          Appellant was charged by indictment with aggravated sexual assault for
causing his sexual organ to penetrate the mouth of the complainant. A jury convicted
appellant of the lesser-included offense of attempted sexual assault. Appellant
entered into a sentencing agreement with the prosecutor whereby, in exchange for
waiving his right to appeal, the prosecutor would recommend punishment at eight
years’ confinement. The court accepted the sentencing recommendation and
sentenced appellant accordingly. Nearly four years later, appellant filed a petition for
DNA testing. The court denied his petition. In his first issue on appeal, appellant
contends that the trial court erred by not granting a mistrial following the State’s
introduction of evidence of extraneous offenses during the guilt-innocence stage of
the jury trial. In his second issue, appellant claims that the trial court erred in not
granting his motion for DNA testing because all of the statutory preconditions were
met. We affirm.
Background
          In the early morning hours of March 21, 1997, appellant and a friend were
driving around Richmond, Texas in appellant’s car. They observed Tammy Bennett
walking alone and offered her a ride. Shortly thereafter, appellant dropped off his
friend. He and Bennett then drove together to George Park, where they parked. 
Appellant demanded that Bennett perform oral sex on him. Bennett refused and tried
to escape, but appellant chased her. Appellant struck Bennett across the head with
a crowbar and dragged her back to his car. After instructing Bennett to wipe the
blood from her face with her jacket, appellant exposed his penis and forced it into
Bennett’s mouth. Bennett bit him and ran away again, eventually seeking safety at
the Richmond State School. Officers from the Richmond Police Department were
summoned and Bennett identified appellant as her attacker. At trial, appellant
testified that, while he did offer a ride to Bennett, once inside his car Bennett told him
that she would “do something for him” if he paid her ten dollars. Appellant testified
that he declined and that Bennett then refused to get out of his car, forcing him to
remove her from it. Appellant was convicted of attempted sexual assault and
sentenced to eight years’ confinement. Almost five years later, appellant filed a
motion for DNA testing on the rape exam, the victim’s clothing, and the crowbar. 
The trial court denied the motion for testing.
Jurisdiction
          Appellant first contends that the trial court erred by failing to grant a mistrial
after the State introduced evidence of extraneous offenses during the guilt-innocence
stage of the jury trial. The State counters that this Court lacks jurisdiction to consider
this point of error because appellant failed to timely file a notice of appeal. The State
further contends that if this Court does have jurisdiction, appellant waived his right
to appeal as part of his sentencing agreement.
          An appellate court obtains jurisdiction over an appeal upon the timely filing of
a notice of appeal. Slanton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Rule 26.2 of the Rules of Appellate Procedure requires that a criminal defendant file
his notice of appeal within 30 days after the day his sentence is imposed or suspended
in open court, or after the day the trial court signs an appealable order. Tex. R. App.
P. 26.2(a)(1). If the defendant files a motion for new trial, the time period extends to
90 days. Tex. R. App. P. 26.2(a)(2). An appellate court has discretion to extend the
time to file a notice of appeal if, within 15 days after the original deadline for filing
the notice of appeal, the criminal defendant files both the notice of appeal in the trial
court and the appropriate motion in the appellate court. Tex. R. App. P. 26.3. An
appellate court must dismiss for want of jurisdiction if the notice of appeal is not
timely filed. See Slanton, 981 S.W.2d at 210.
          In this case, the trial court imposed appellant’s sentence on October 1, 1997. 
Because appellant did not file a motion for a new trial, a notice of appeal challenging
error committed during the trial on the merits would have been timely if filed no later
than October 31, 1997. Tex. R. App. P. 26.2(a)(1). The only notice appeal in this
case was filed on July 26, 2002, following the trial court’s July 16, 2002 denial of
appellant’s motion for DNA testing. Appellant’s notice of appeal was timely filed
because it was filed within 30 days after the trial court entered an appealable order,
here the order denying forensic DNA testing. See Tex. R. App. P. 26.2(a)(1). The
only matter that appellant may present for review, therefore, and the only matter
appellant addresses in his notice of appeal, is whether the trial court erred in not
granting his motion for DNA testing. We find no authority, and appellate cites none,
that permits a post-trial order on a motion for forensic DNA testing to resurrect a
previously waived or forfeited point of error from the trial on the merits. We
conclude, therefore, that we lack jurisdiction to consider appellant’s first point of
error. Accordingly, and we need not address the State’s argument that appellant
waived his right to appeal as a part of his sentencing agreement.
          We decline to address appellant’s first issue for lack of jurisdiction.
DNA Testing
          In his second issue, appellant claims the trial court erred in not granting his
motion for forensic DNA testing because he satisfied all of the statutory preconditions
for testing. See Tex. Crim. Proc. Code Ann. art. 64.03 (Vernon Supp. 2003). The
State replies that appellant failed to prove by a preponderance of the evidence a
reasonable probability that appellant would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing. We agree with the
State.
          Article 64.03 of the Code of Criminal Procedure establishes the requirements
that a convicting court must follow to order forensic DNA testing. Tex. Crim. Proc.
Code Ann. art. 64.03. After finding that evidence subject to testing still exists and
has been subject to the proper chain of custody, the convicting court must next find
that identity was or is an issue in the case. Id. The convicted person must then
establish by a preponderance of the evidence that a reasonable probability exists that
the person would not have been prosecuted or convicted if exculpatory results had
been obtained through DNA testing. Id. The second prong of the test does not
require that a petitioner for DNA testing prove actual innocence before obtaining a
DNA test, but that if testing is performed, and exculpatory results are obtained, these
results would establish a reasonable probability that the petitioner would not have
been prosecuted or convicted. Kutzner v. State, 75 S.W.3d 427, 438 (Tex. Crim. App.
2002).
          A trial court’s decision on a petition for DNA testing is reviewed by applying
a bifurcated standard of review. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App.
2002); Torres v. State, 104 S.W.3d 638, 640 (Tex. App.—Houston [1st Dist.] 2003,
pet. ref’d). First, we give almost total deference to the trial court’s determination of
historical fact and to the court’s application-of-law-to-fact issues relating to
credibility and demeanor. Rivera, 89 S.W.3d at 59; Torres, 104 S.W.3d at 640. 
Second, we review de novo other application-of-law-to-fact issues. Rivera, 89
S.W.3d at 59; Torres, 104 S.W.3d at 640.
          Appellant’s motion for DNA testing requested analysis of the victim’s clothing,
the rape exam, and the crowbar used in the offense. The evidence established that
no sexual assault exam was performed on the victim and that no crowbar was
recovered as evidence. Appellant’s sole complaint on appeal, therefore, pertains to
Bennett’s clothing.
          The trial court found and concluded that (1) identity was not an issue in the
case; (2) appellant did not establish by a preponderance of the evidence that a
reasonable probability existed that he would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing; and (3) appellant did
not establish the required elements of chapter 64 of the Code of Criminal Procedure.
          The dispute between appellant and the State at trial was a disagreement about
what took place between appellant and Bennett on March 21, 1997. Appellant did
not claim mistaken identity or that someone else committed the offense, but that he
neither sexually assaulted Bennett nor assaulted her with a crowbar when they were
together. Appellant has not established that identity was an issue in the case.
          Appellant contends that DNA testing should be performed on Bennett’s clothes
to verify that she is credible in her testimony that she was bleeding from being
assaulted with a crowbar. Credibility verifications, however, are not a permissible
reason for DNA testing under chapter 64 of the Code of Criminal Procedure. See
Tex. Crim. Proc. Code Ann §§ 64.01–.05 (Vernon Supp. 2003).
          We overrule appellant’s second point of error.
 
 
 
 
Conclusion
          We affirm the trial court’s order denying DNA testing.




                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).